IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLINTON VERNON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-06-1017-HE |
| ) | |
| JUSTEN JONES, Director, *et al.*, ) | |
| ) | |
| Respondents. ) | |

# REPORT AND RECOMMENDATION

Mr. Clinton Vernon has filed a petition for habeas relief. With the petition, he filed an affidavit for leave to proceed *in forma pauperis*. The application indicates that Mr. Vernon has $28.00 in his savings account, and the filing fee is only $5.00.[1] Because Mr. Vernon has adequate funds for the filing fee,[2] the undersigned recommends that the Court: (1) deny the request for leave to proceed *in forma pauperis*, (2) order payment of the filing fee within twenty days,[3] and (3) dismiss the action without prejudice if Mr. Vernon fails to timely pay the filing fee or show good cause for the failure to do so.[4]

---

[1] *See* 28 U.S.C. § 1914(a) (2000).

[2] Oklahoma law governing the statutory savings account expressly allows inmates to withdraw funds from the account to pay fees under 28 U.S.C. § 1911, *et seq.* Okla. Stat. tit. 57 § 549(A)(5); *see also Williams v. Austin*, 890 P.2d 416, 418 (Okla. Ct. App. 1994) ("A prisoner's savings held by the Department of Corrections may be used to pay fees or costs in filing a civil action." (citations omitted)).

[3] *See* W.D. Okla. LCvR 3.3(e).

[4] *See* W.D. Okla. LCvR 3.3(e); *see also Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003) (upholding dismissal of a federal inmate's civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay).

The Petitioner is advised of his right to object to this report and recommendation by October 23, 2006.  *See* W.D. Okla. Local Civil Rule 72.1(a).  If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.  The Petitioner is further advised that if he does not timely object, he would waive his right to appellate review over a denial of pauper status in the district court.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

Entered this 3rd day of October, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge