IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLINTON VERNON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-06-1017-HE |
| ) | |
| JUSTEN JONES, Director, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION ON**
**PRELIMINARY REVIEW OF THE HABEAS PETITION**

The Petitioner is a state inmate seeking habeas relief under 28 U.S.C. § 2241 based on a prison disciplinary conviction.[1] The Court has referred the action to the undersigned for preliminary review[2] and findings and recommendations on dispositive matters. The undersigned recommends summary dismissal of the petition.

---

[1] Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in State Custody (Sept. 20, 2006) ("Petition").

[2] Preliminary review of a petition is necessary when an action arises under 28 U.S.C. § 2254. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Mr. Vernon has invoked Section 2241, rather than Section 2254. However, the same preliminary review can be conducted in actions involving Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Vernon was charged with a prison disciplinary infraction.[3] Authorities found the Petitioner guilty, and a lengthy administrative appellate process ensued.[4] According to Mr. Vernon, prison officials made a final decision on August 21, 2006.[5]

The Petitioner can pursue habeas relief only after he has exhausted state court remedies.[6] In his petition, Mr. Vernon alleges that he did not pursue state court remedies because "there is an absence of [an] available state corrective process . . . where the inmate is seeking only speedier, and not immediate[] release."[7] But the Petitioner overlooks one state court remedy.

This remedy exists under Okla. Stat. tit. 57 § 564.1 (2005 supp.). Under this statute, the inmate can seek judicial review in state district court within 90 days of the final decision by the Department of Corrections.[8] The state court may review the disciplinary conviction for procedural violations and consider whether any evidence existed to support the finding of guilt.[9]

---

[3]  *See* Petition at pp. 2-3.

[4]  *See* Petition at pp. 3-5.

[5]  Petition at p. 5.

[6]  *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'" (citation omitted)).

[7]  Petition at p. 4.

[8]  *See* Okla. Stat. tit. 57 § 564.1(A)(1) (2005 supp.)

[9]  *See* Okla. Stat. tit. 57 § 564.1(D)-(E) (2005 supp.)

The Petitioner was asked in the form petition whether he had exhausted state remedies.[10] Rather than identify any efforts to pursue state court remedies, Mr. Vernon said that none was available.[11] As a result, the action should be summarily dismissed without prejudice to allow Mr. Vernon to exhaust his state court remedies.[12] This remedy remains available to Mr. Vernon until November 19, 2006.[13]

Mr. Vernon may object to this report and recommendation. To do so, Mr. Vernon must file an objection with the Clerk of this Court.[14] The deadline for objections is November 7, 2006.[15] Failure to file timely objections would result in waiver of the right to appeal the recommended dismissal.[16]

---

[10]   Petition at p. 4.

[11]   Petition at p. 4; *see supra* p. 2.

[12]   *See Lawrence v. Evans*, Case No. CIV-05-653-C, slip op. at 2 (W.D. Okla. Oct. 18, 2005) (Cauthron, C.J.) (unpublished op.) ("Because Petitioner had admittedly not pursued the remedies available under 57 Okla. Stat. § 564.1 prior to filing the present [habeas] action, his case must be dismissed."); *Ziegler v. Ward*, Case No. CIV-05-852-T, slip op. at 1 (W.D. Okla. Sept. 28, 2005) (Thompson, J.) (unpublished op.) (dismissing a habeas petition for failure to pursue review of a disciplinary proceeding through Okla. Stat. tit. 57 § 564.1); *accord Riggs v. Fatkin*, 2006 WL 2773194, Westlaw op. at 2 (N.D. Okla. Sept. 25, 2006) (unpublished op.) (holding that an Oklahoma prisoner, who sought habeas relief, had failed to exhaust the judicial review procedure mandated by Okla. Stat. tit. 57 § 564.1).

[13]   Mr. Vernon's pleadings suggest that the Department of Corrections had issued a final decision on August 21, 2006. *See supra* p. 2. The 90th day falls on November 19, 2006. Thus, the state remedy appears to remain available to the Petitioner.

[14]   *See* 28 U.S.C. § 636(b)(1) (2000).

[15]   *See* W.D. Okla. LCvR 72.1(a).

[16]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This referral to the undersigned is terminated.

Entered this 17th day of October, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge