**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLINTON VERNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   NO. CIV-06-1017-HE |
| | ) |
| JUSTIN JONES, Director, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Petitioner, a state prisoner appearing pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach who issued his Report and Recommendation, recommending that the petition be dismissed for failure to exhaust state remedies. Petitioner has filed a letter with the court, construed as an objection to the Report and Recommendation, wherein he requests the court stay rather than dismiss his petition so that he may exhaust his available state remedies.[1]

As petitioner has demonstrated no cause to stay this action,[2] the court, having considered the matter de novo, concurs with Judge Bacharach's conclusion that the petition should be dismissed for failure to exhaust state remedies. Accordingly, the Report and

---

[1] *Because petitioner has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).*

[2] *See, e.g., Rhines v. Weber, 544 U.S. 269, 277 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").*

Recommendation is **ADOPTED** in its entirety and petitioner's petition for writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state remedies.

   **IT IS SO ORDERED.**

Dated this 13th day of November, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE